# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2023-0411
LT Case No. 16-2020-CF-009681-AXXX

_____

EDDIE HOWARD RICHARDSON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Kevin Anthony Blazs, Judge.

Matthew J. Metz, Public Defender, and Victoria Rose Cordero,
Assistant Public Defender, Daytona Beach, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Christina
Piotrowski, Assistant Attorney General, Tallahassee, for
Appellee.

August 30, 2024

EDWARDS, C.J.

    Following a jury trial, Eddie Howard Richardson was found
guilty of attempted manslaughter, aggravated assault, possession
of a firearm by a convicted felon, and failure of a defendant on bail
to appear for court. He was adjudicated guilty and sentenced to
prison. On appeal, he argues that the trial court erred in denying

his objections to the State's use of peremptory challenges to strike certain prospective jurors in violation of *Melbourne v. State*, 679 So. 2d 759 (Fla. 1996). For the reasons set forth below, we find that the arguments now made on appeal about jury selection were not properly preserved for appellate review; therefore, we affirm.[1]

*Melbourne* dealt with how to balance a party's right to freely utilize peremptory strikes against the need to eliminate real or perceived racial discrimination in jury selection. *Lafayette v. Moody*, 316 So. 3d 708, 714 (Fla. 4th DCA 2021). In *Melbourne*, the supreme court created the following three-step process to serve as a guideline for handling race-based objections to the use of peremptory challenges:

> A party objecting to the other side's use of a peremptory challenge on racial grounds must: a) make a timely objection on that basis, b) show that the venireperson is a member of a distinct racial group, and c) request that the court ask the striking party its reason for the strike. If these initial requirements are met (step 1), the court must ask the proponent of the strike to explain the reason for the strike.
>
> At this point, the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2). If the explanation is facially race-neutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained (step 3).

*Melbourne*, 679 So. 2d at 764 (footnotes omitted).

The quoted language regarding steps 2 and 3 led to confusion about the role of the court and counsel. Some believed that the trial court was required without further request from the objecting

---

[1] We also affirm the trial court's order denying Appellant's motion for new trial without need for discussion, other than to say there is no merit to his argument.

party to automatically evaluate whether the reason given by the proponent of the strike was both facially race-neutral and genuine. *See Johnson v. State*, 268 So. 3d 729 (Fla. 4th DCA 2018), *rev'd*, *State v. Johnson*, 295 So. 3d 710 (Fla. 2020). Others concluded that to properly raise and preserve the issues for appeal, the objecting party was required to contest the facial race-neutrality of the reason, secure a ruling on that point (step 2), and then further challenge the genuineness of the facially race-neutral reason and obtain a ruling on that matter (step 3). *See Ivy v. State*, 196 So. 3d 394 (Fla. 2d DCA 2016), *Hanna v. State*, 194 So. 3d 424 (Fla. 3d DCA 2016), and *Brown v. State*, 204 So. 3d 546 (Fla. 5th DCA 2016). The resulting inter-district conflict was resolved by the supreme court in *State v. Johnson*, which held that in order for the objecting party to preserve its *Melbourne* challenge for appellate review, it was obliged to affirmatively challenge and obtain adverse rulings on the race-neutrality and genuineness of the reason given by the proponent for the strike. 295 So. 3d at 710.

In *Johnson,* the supreme court noted that placing this burden on the objecting party was consistent with the general rules of preserving issues for appellate review which require that the issues must have been first raised and ruled on in the trial court, and that the specific arguments made on appeal are the same specific arguments that were presented to the trial court. *Id.* at 713–14.[2] The supreme court went on to state that requiring the objecting party to do so "comports with the two legal principles underlying *Melbourne*—that peremptory strikes are presumed to be nondiscriminatory and that the party opposing the strike bears the burden of persuasion throughout the process." *Id.* (*citing Melbourne,* 679 So. 2d at 764).

The *Melbourne* challenge which Appellant argues here focuses on the State's use of peremptory challenges which it exercised to

---

[2] Making the specific argument relied upon on appeal for the first time after the jury has been selected and sworn is untimely and fails to preserve the issue for review. *State v. Pacchiana,* 289 So. 3d 857, 862 (Fla. 2020).

3

strike two African American women from the panel. For each strike, Appellant requested the trial court to require the State to provide race-neutral reasons. The State did provide reasons as to each juror that were facially race-neutral: (1) one juror wore torn shorts and a hat which suggested to the State that she may not take jury service seriously, and (2) the other juror lived in an area near where the crime occurred and thus may have knowledge of the crime scene. Appellant challenged whether the reasons given were race-neutral. After receiving further explanation, the trial court ruled that the reasons given were indeed race-neutral. Appellant did not object on the basis that the reasons given by the State were pretextual, nor did it request the trial court to make any inquiry or ruling on whether the race-neutral reasons were genuine.

The supreme court in *Johnson* made it clear that after the proponent of the strike has offered a facially race-neutral reason, the objecting party "must place the court on notice that he or she contests the genuineness of the reason." *Id.* at 716 (internal quotation marks omitted). Here, Appellant did question whether the reasons given were race-neutral; however, he failed to challenge the genuineness of the reasons, nor did he request the court to determine the genuineness. That is more than just some arcane, technical appellate practice requirement, because "[t]he court's focus in step 3 is not the reasonableness of the explanation, but rather its genuineness." *Melbourne*, 679 So. 2d at 764. "[T]he trial court's decision [as to genuineness] turns primarily on an assessment of credibility." *Id.* That calls for a distinct, sometimes difficult, judicial analysis regarding whether the proponent of the strike is being honest with the court. If the objecting party does not challenge the genuineness of the proponent's reason, it cannot be said to have carried its burden of proving purposeful racial discrimination or to have overcome the presumption that the peremptory strikes were exercised in a nondiscriminatory fashion. Appellant failed to preserve the *Melbourne* challenges for appellate review.

AFFIRMED.

MAKAR and PRATT, JJ., concur.

4

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____